PD-0473-15

PD-0473-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/13/2015 9:51:09 AM
Accepted 5/15/2015 10:37:47 AM
ABEL ACOSTA
CLERK

**IN THE**
**TEXAS COURT OF CRIMINAL APPEALS**

ANDREW J. SERRANO,

      Petitioner,

vs.                                                    No.PD-0473-15

THE STATE OF TEXAS,

      Respondent.

**************************************************************************

# PETITION FOR DISCRETIONARY REVIEW

**************************************************************************

BRADLEY WALTERS
ATTORNEY FOR PETITIONER
713-705-9692
BWALTERS56@YAHOO.COM
500 E. HARRIS AVE
PASADENA, TEXAS 77506

FILED IN
COURT OF CRIMINAL APPEALS

ALAN CURRY
Attorney for the State, Respondent
Harris County ADA AppellateDivision,
1201 Franklin, Suite 600,
Houston, Texas 77002,
TEL. 713-755-5800,
curry_alan@dao.hctx.net

May 15, 2015

ABEL ACOSTA, CLERK

**NO ORAL ARGUMENT REQUESTED**

1

# TABLE OF CONTENTS

Index of Authorities                                                3

Statement Regarding Oral Argument                                  4

Statement of the Case                                              4

Statement of Procedural History                                    4

Abbreviations                                                     4

Grounds for Review                                               5,6

Argument                                                         7

1. Suppression of evidence or a jury instruction to disregard is required under Texas law. Fuselier says no operator present until contact withWootenwho was with subject for slightly over 6 minutes before breath test. 38.23 CCP says not admissible.                                              *7.*
2. Once admitted, 38.23 Jury instruction should have been given to prevent reversible harm. An issue of material fact regarding not following the 15 minute operator in the presence rule was raised by the testimony of Fuselier and the intox video length of six minutes                          *10.*
3. The court of appeals' opinion has so far departed from the usual and accepted course of judicial proceedings and has sanctioned such a departure by a lower court as to call for an exercise of the Court of Criminal Appeals' power of supervision. The rule stated by the court has been designated for publication and is not a coherent statement of law. The court of appeals has ruled that because direct observation is not required by the statute TAC 19.3 (a) (1) evidence of no contact is no evidence of a violation of the statute. This holding disregards the requirement that an operator remain in the presence of the subject in order to ensure nothing is place in the subjects mouth prior to a breath test. Evidence of no contact is strong evidence that a person with normal senses was not in the presence of the subject and fulfilling the purpose of the statute. The court of appeals also misstated the rule in *Shpikula v. State*, 68 S.W.3d 212, 217 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). The case involved two officers with consistent uncontroverted stories so no jury instruction was required, it was not refused because the jury had a right to disbelieve them even though the jury had the right to disbelieve.

Their statement of the rule would lead someone to believe that no 38.23
jury instruction is ever required because of jury's right to disbelieve. 11

Prayer for Relief 12

Certificate of Service 13

Certificate of Compliance 13
Appendix post

**AUHORITIES**

**Cases**

**Statutes**

Code of Criminal Procedure art. 38.23 7, 12-13

Texas Administrative Code 19.3 (a) (1) 15

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes oral argument would not be helpful to the Court because the issues raised are straight forward issues of fact raised by the testimony of two state witnesses one of whom admits to no memory of the disputed facts and one who remembers the facts which limit the time frame the breath test operator could have been in the presence of the petitioner to less time than required by statute.

## STATEMENT OF THE CASE

This case concerns a conviction for driving while intoxicated based on unsuppressed evidence and a jury charge that does not conform to Texas law. *Code of Criminal Procedure Article 38.23*. There was not, according to the 1st Court of Appeals, evidence or testimony creating a factual issue as to whether the fifteen minute waiting period was followed prior to the submission of a breath test sample. *Texas Administrative Code section 19.4(c)(1)*. Petitioner requested reconsideration and if not granted that the case be designated for publication. The court of appeals elected to stand by its ruling and designate it for publication.

## STATEMENT OF PROCEDURAL HISTORY

(1)     Date of opinion from COA:                                    February 3, 2015

(2)     Date of  Motion for Rehearing:                          February 18, 2015

(3)     Date Motion for Rehearing Disposed:            March 13, 2015

(4)     Date of Motion to extend time to file PDR:      April 27, 2015

(5)     Date Motion Granted to extend time to file PDR:   April 29, 2015

## ABBREVIATIONS AND REFERENCES

The required documents and several other key documents from the trial are attached to this Petition in the Appendix.

The Clerk's Record (CR) is referred to by page number (e.g., CR422).

The Reporter's Record (RR) is referred to by volume number, then page number (e.g. 3 RR 88-90).

# GROUNDS FOR REVIEW

1.      The court of appeals in its decision finding no error in trial court's failure to provide a *CCP section 38.23* jury instruction, ruled erroneously that no evidence was presented in the record which raised an issue of material fact regarding whether the fifteen minute rule was followed in the administration of the breath alcohol test. The court of appeals ruled that because direct observation is not required by the statute, *Texas Administrative Code (TAC) Rule 19.3(a)(1)*, that evidence of when the breath test operator first made contact with the petitioner is no evidence that the statute was not followed. Petitioner believes this is a non sequitor. The court of appeals overlooked testimonial evidence from officer Fuselier that the breath test operator first came into contact with petitioner following his arrival at the intox center where no BTO was present with them until the operator came into contact with petitioner at the intox room and immediately began recording a video *(State's exhibit. 4)* in evidence of only six minutes duration with petitioner and breath test operator present, then submitting a sample with no delay. Evidence of no BTO until they entered the intox room, along with a six minute video followed immediately by a breath test, is evidence that the operator was not in the presence of the subject constructively or otherwise for 15 minutes regardless of the fact that direct observation is not required. *2RR75-80.*


2.      The court of appeals, regarding petitioner's motion to suppress the breath test, found, in error, that evidence only existed in the record to support that *Texas Administrative Code Rule 19.3(a)(1)* was followed despite the lack of memory or knowledge of the breath test operator (BTO) regarding actual exercise of the fifteen minute rule in the case at hand. *2RR143-146.* The court of appeals disregarded the testimony of officer Fuselier which pinned down the time frame the breath test operator was in the presence of petitioner to substantially less than fifteen minutes prior to the breath sample submission. The court of appeals reasoned erroneously that because direct observation is not required,  evidence of no contact by the operator was not evidence that the 15 minute rule was violated, while overlooking the timeline established by Fuselier when they arrived at intox central which did not include a stop at the holding area for the 15 minutes with an operator before testing. *2RR75-80.*  It was error to allow the trial court not to suppress the results of the breath test in light of the breath test operator's mere conclusory statements unsupported by memory or knowledge to confirm adherence to the fifteen minute rule when  officer Fuselier remembers arriving at central intox, next going to the intox room where the BTO first came into contact with petitioner, beginning a six minute video *(State's exhibit 4)* with the breath test operator present and subject submitting a sample without delay following the end of the video and corroborated by times on the video and breath test slip.

5

3. The Criminal Court of Appeals should grant review of this case because the court of appeals rather than reconsider its analysis and logic in deciding this case elected to pass on the opportunity to reconsider its reasoning. The court of appeals elected to change the case's publication status to designated for publication not only getting it wrong, but creating mandatory precedent that defies logic and the purpose of the violated statute requiring that an operator remain in the presence of a breath test subject for 15 minutes prior to obtaining a sample in order to ensure nothing enters the mouth which may affect the test The court of appeals reasoned incorrectly that evidence of no contact with the subject is no evidence that the statute was violated, because the statute does not require direct observation. However, Petitioner would show the Court that the court of appeals missed what the evidence does show, that being that the operator was not in the presence of the subject for the time required by the statute. The idea that an operator with ordinary sensory perception could have no contact with someone they are charged with ensuring does not place anything in their mouth is absurd on its face. How could the operator take reasonable care that nothing enters the mouth of the subject without making contact them by sight, hearing or smell whether by direct observation or indirect while doing paperwork or other tasks? No contact prior to entering the intox room along with the officer testifying that no BTO was with them prior to entering the intox room, (no mention of a holding area in the presence of the operator before contacting Wooten) strongly affirms that the operator was not in the presence of the subject until the six minute video *(State's exhibit 4)* began, followed immediately by submission of a breath sample. The court of appeals also misstated the rule in *Shpikula v. State*, 68 S.W.3d 212, 217 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). The case involved two officers with consistent uncontroverted stories so no jury instruction was required, it was not refused because the jury had a right to disbelieve them even though the jury had the right to disbelieve. The statement of the rule would lead someone to believe that no 38.23 jury instruction is ever required because of jury's right to disbelieve.

## ARGUMENT

**1.** *Suppression of evidence or a jury instruction to disregard is required under Texas law.*

In Texas, the exclusionary rule is statutory and requires suppression of evidence where the legal or Constitutional rights of the suspect are violated. CCP art. 38.23 states in relevant part:

> Art. 38.23. EVIDENCE NOT TO BE USED. (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> (b) In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

In Texas, the statute below informs us on the purpose and requirements of the 15 minute waiting period:

> Texas Administrative Code 19.3 (a) (1) a period during which an operator is required to remain in the presence of the subject. An operator shall remain in the continuous presence of the subject at least 15 minutes immediately before the test and should exercise reasonable care to ensure that the subject does not place any substances in the mouth. Direct observation is not necessary to ensure the accuracy of the test result;

The court of appeals correctly points out that direct observation is not required. However, the court makes a leap of logic when it states that, thus the evidence of no contact is not evidence that the statute was violated. The court of

7

appeals overlooked the order of events established by Fuselier and the time frame established by the 6 minute video *(State's exhibit 4)* followed by a breath test with no delay. The 15 minute rule is to ensure that the test measures alcohol from the lungs and not alcohol or interferants placed in the mouth or regurgitated from the stomach. The statute states that the operator should take reasonable care that nothing enters the subject's mouth and must be in the continuous presence of the subject for the 15 minute period before the sample is taken. An ordinary person in the position of the operator with all five senses would certainly have contact with the subject if in their presence, whether or not that constitutes direct observation during this time frame. How else would the operator know if she was in his presence as required if she made no visual, auditory or other sensory contact with the subject and no one advised her that she was in his presence? Evidence that the operator first made contact with the subject at a particular point in time and obtained a breath sample less than 15 minutes later is most certainly strong evidence that the operator was not in the continuous presence of the subject for fifteen minutes as required. The operator did not satisfy the purpose of the statute by ensuring that any alcohol which may have entered the mouth from the stomach or other source had time to dissipate prior to obtaining a sample. There was no evidence of constructive presence such as video or audio equipment or having another breath test operator remain in the presence of the subject in her stead. The

8

court of appeals' correct observation that direct observation is not required is not relevant to and is a red herring distracting from the issue of whether the operator was in the continuous presence of the subject for 15 minutes prior to the submission of a breath sample for testing. Presence is plainly is required by the statute.

The operator consistently testified that she had no memory of being in the presence of the subject prior to the time frame described by the officer. She only testified that she must have observed the rule because she always does and described how she always does it though not remembering placing or seeing petitioner in the holding area she described always using.  That is akin to a defendant fighting a ticket for running a red light by saying that she doesn't remember stopping for the red light, but must have because she always does. That would not work to get out of a ticket and it should not work for this operator to trying to controvert the previous testimony of Fuselier which shows that she was not in the subject's presence for the 15 minutes immediately preceding the breath test as required by law.

Officer Fuselier on cross examination testified that after arriving at central intox he and the subject were with the other officer and there was no BTO present while waiting,  then next went to the intox room where the operator first came into contact with petitioner. *2RR75-80.* He stated that the video *(State's exhibit 4)*

began without delay. The video is six minutes long. He testified that there was no delay after the video ended before a sample was obtained. The times on the video *(State's exhibit 4)* and the breath test *(State's exhibit 6)* corroborate his testimony. His testimony was unrebutted except for conclusory statements that the testing regulations were followed.  The testimony of the operator with no memory of the event should not have been sufficient to create an issue of fact in light of the conclusive nature of evidence Fuselier gave regarding the time the operator was in the presence of the subject.*2RR75-80.* The breath test should have been excluded per objection of the petitioner and trial motion to suppress. The court of appeals erred by not reversing the trial court on this issue.

**2.      The court of appeals erred by finding that a CCP 38.23 instruction was not required and reasoning that because no direct observation is required there was no evidence that TAC 19.3 (a) (1), the 15 minute rule was not obeyed.**

As argued in the first point above the operator testified that she "must have" observed the 15 minute rule, while the officer testified that upon arrival at intox central no one was with them while they waited besides the other officer and neither officer was a BTO, they next met the operator at the intox room where she first came into contact with the subject and  started a 6 minute *(State's exhibit 4)*  video of the subject, the operator and the officer without delay. He testified that the breath sample was obtained without delay immediately following the end of the video. This is

strong evidence that the operator was not in the presence of the subject for 15 minutes as the law requires before obtaining a breath sample. *See 2RR75-80.*

**3.      The court of appeals' opinion has so far departed from the usual and accepted course of judicial proceedings and has sanctioned such a departure by a lower court as to call for an exercise of the Court of Criminal Appeals' power of supervision.**

The court of appeals got most of the facts right although they overlooked that Fuselier after arrival at intox central said that while they were waiting no one was with them except the other deputy and neither was a BTO, *2RR75-80,* next went to the intox room (not the holding area for the 15 minute time in the presence of the operator) where operator was not in the presence of the subject for 15 minutes as the law requires before obtaining a breath sample as previously described above. The court of appeals referenced the applicable law correctly. What they did was apply the facts to the law incorrectly. Petitioner would agree that the evidence from Fuselier and the video do not show a violation regarding observation direct or otherwise. The violation supported by the evidence is the operator not being in the presence, constructively or otherwise of the Petitioner for the required time of 15 minutes immediately prior to obtaining a breath sample for testing. To allow a holding in a published case that stands for the proposition that no contact with the subject is no evidence of a violation of the 15 minute statute, because direct observation is not required must not be allowed to stand, because it is strong evidence of not being in the presence of the subject as required. The court of

11

appeals also misstated the rule in *Shpikula v. State*, 68 S.W.3d 212, 217 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). The case involved two officers with consistent uncontroverted stories so no jury instruction was required, it was not refused because the jury had a right to disbelieve them even though the jury had the right to disbelieve. Their statement of the rule would lead someone to believe that no 38.23 jury instruction is ever required because of jury's right to disbelieve.

**PRAYER FOR RELIEF**

This Petition should be granted.

The breath test should be suppressed because it was obtained in violation of the law requiring the operator to be in the continuous presence of the subject for 15 minutes prior to obtaining a sample.

The jury charge lacking a 38.23 instruction should be found to be harmful and grounds for a new trial.

The court of appeals having designated this case for publication rather than reconsidering their decisions, needs to be reversed to avoid a bad mandatory precedent regarding their holding that evidence of no contact with the subject is not evidence that the 15 minute rule was violated.

Petitioner also requests such other and further relief as is just.

**RESPECTFULLY SUBMITTED**

<u>//S// Bradley Walters</u>

Bradley Walters
500 E. Harris Ave,
Pasadena, Texas 77506
Bar # 24053540
bwalters56@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2015, a copy of the foregoing Petition for Discretionary Review was served on the following by email to:

ALAN CURRY
Attorney for the State, Respondent
Harris County ADA AppellateDivision,
1201 Franklin, Suite 600,
Houston, Texas 77002,
TEL. 713-755-5800,
curry_alan@dao.hctx.net

<u>//S// Bradley Walters</u>
24053540

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Petition conforms to the requirements of TRAP 9, and consists of  2,997  words per and is fewer than 15 pages no including appendix. TRAP 9.4(i)(2)(D).

<u>//S// Bradley Walters</u>
24053540

ANDREW J. SERRANO,

      Petitioner,

vs.                                               No.PD-0473-15

THE STATE OF TEXAS,

      Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# APPENDIX –
# PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Index:**

15,16           Court of Appeals Corrections dated March 12. 2015

17-31           Court of Appeals Opinion dated February 3, 2015

32           Parties and contacts


SHERRY RADACK
CHIEF JUSTICE

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
MICHAEL MASSENGALE
HARVEY BROWN
REBECA HUDDLE
RUSSELL LLOYD

CHRISTOPHER A. PRINE
CLERK OF THE COURT

JANET WILLIAMS
CHIEF STAFF ATTORNEY

PHONE: 713-274-2700
FAX: 713-755-8131

www.txcourts.gov/1stcoa.aspx

March 12, 2015

Bradley Walters
500 E. Harris
Pasadena, TX 77506
* DELIVERED VIA E-MAIL *

Alan Curry
Chief Prosecutor, Appellate
Division
Harris County District Attorney's
Office
1201 Franklin Ste 600
Houston, TX 77002-1923
* DELIVERED VIA E-MAIL *

Eric Kugler
Assistant District Attorney of
Harris County
1201 Franklin Ste 600
Houston, TX 77002
* DELIVERED VIA E-MAIL *

RE:     **Court of Appeals Number:** 01-13-00975-CR
        **Trial Court Case Number:** 1842255

**Style:** Andrew J. Serrano v. The State of Texas

We substitute this page 1 and page 15 of the opinion to correctly reflect the opinion's "do not publish" notation be changed to "publish." *See* TEX. R. APP. P. 47.2(b). No changes to the substance of the opinion have been made.

Sincerely,

Christopher A. Prine, Clerk of the Court

By Michelle Gentile, Deputy Clerk

cc:     Hon. Chris Daniel (DELIVERED VIA E-MAIL)
        Judge County CR Court @ Law #4 (DELIVERED VIA E-MAIL)

15

FILE COPY

**SHERRY RADACK**
**CHIEF JUSTICE**

**TERRY JENNINGS**
**EVELYN KEYES**
**LAURA CARTER HIGLEY**
**JANE BLAND**
**MICHAEL MASSENGALE**
**HARVEY BROWN**
**REBECA HUDDLE**
**RUSSELL LLOYD**
**JUSTICES**



# Court of Appeals
# First District of Texas
**301 Fannin Street**
**Houston, Texas 77002-2066**

**CHRISTOPHER A. PRINE**
**CLERK OF THE COURT**

**JANET WILLIAMS**
**CHIEF STAFF ATTORNEY**

**PHONE: 713-274-2700**
**FAX: 713-755-8131**

**www.txcourts.gov/1stcoa.aspx**

March 12, 2015

Library Service
Lexis Nexis
9473 Springboro Pike
Miamisburg, OH 45342-4425

Opinions Clerk
West Group D4-40
610 Opperman Drive
Egan, MN 55123

**RE:     Court of Appeals Number:** 01-13-00975-CR
**Trial Court Case Number:** 1842255

**Style:** Andrew J. Serrano v. The State of Texas

        We substitute this page 1 and page 15 of the opinion to correctly reflect the opinion's "do not publish" notation be changed to "publish." *See* TEX. R. APP. P. 47.2(b). No changes to the substance of the opinion have been made.

                        Sincerely,


                        Christopher A. Prine, Clerk of the

                        Court By Michelle Gentile,

                        Deputy Clerk

16



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-13-00975-CR

_____

**ANDREW J. SERRANO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1842255**

### OPINION

Appellant Andrew J. Serrano was charged and found guilty of driving while intoxicated. The trial court sentenced him to 180 days' confinement, probated for one year. Serrano contends that the trial court's judgment should be reversed because the trial court (1) erred by admitting the results of a breath alcohol test obtained in violation of the Texas Administrative Code and (2) abused its

discretion in refusing to submit an article 38.23 jury instruction. Finding no error, we affirm.

## Background

At trial, Deputy O. Trevino of the Harris County Traffic Division testified that he pulled Serrano over because his radar gun indicated that Serrano was driving 81 miles per hour in a 65 mile-per-hour zone. Trevino approached the vehicle and "immediately . . . could smell obviously the odor of alcoholic beverage emitting from within the car." Trevino further testified that he suspected that Serrano was intoxicated because he had bloodshot eyes and slurred speech. Serrano refused to perform standardized field sobriety tests. Trevino called for a backup unit to transport Serrano to the Houston Police Department's central intoxication facility ("central intox") for further tests.

Deputy J. Fuselier testified that when he arrived at the scene Serrano showed indications of being intoxicated, including "a strong odor of alcoholic beverage," "red, glassy eyes," and "slurred speech." Fuselier transported Serrano to central intox, where they met with the breath test operator, whose name Fuselier could not remember. Fuselier agreed with Serrano's counsel that the operator first "came in contact" with Serrano when they entered the intox room where the breath test is conducted.

2

Fuselier testified that once in the intox room, the operator turned on a video recording device, read Serrano a statutory warning, and requested a breath sample from Serrano. The video recorded for approximately six minutes before the operator turned it off to conduct the breath test. According to Fuselier, there was no time lapse from when the video ended until the time that Serrano provided his breath sample.

Bianca Wooten, who worked as an evidence technician for the Houston Police Department at the time Serrano was arrested, testified that she administered Serrano's breath test. Wooten explained that the breath test operator has to "make sure that the suspect is watched over for 15 minutes" before taking a breath test. The suspects spend these 15 minutes in the intox facility's holding cell, which has a metal door that is "see-through." The breath test operator is not permitted to be inside the holding cell, so she stands outside of it for 15 minutes. Wooten testified that there is frequently more than one evidence technician working at a time, so frequently one is in the hallway outside the holding cell observing the suspects, while another is in the intox room administering a breath test. Wooten noted that operators assign each suspect a timer to ensure that he spends 15 minutes in the holding cell before a breath test is administered. After a suspect has been in the holding cell for 15 minutes, he is taken into the intox room where the operator

3

turns on a video recorder, reads the suspect his statutory warnings, and administers the breath test on the Intoxilyzer.

When Serrano's counsel asked Wooten if she recalled observing Serrano for 15 minutes before administering the breath test, Wooten admitted that she did not specifically remember observing Serrano for 15 minutes. But she testified that she must have administered the test because her identification information is on Serrano's test results and "there's no way that [someone else] can use your information" to do a breath test. Additionally, Wooten testified that she remembered recording the video of Serrano before the breath test and that she appears on the video.

Because Wooten testified on cross-examination that she did not recall observing Serrano for 15 minutes before administering the test, Serrano moved to suppress the breath test results on the ground that the requirement that the suspect be observed for 15 minutes before the test was not observed. The trial court heard arguments on Serrano's motion outside the presence of the jury and stated *sua sponte* that it would submit an article 38.23(a) jury instruction regarding whether the 15 minute requirement was met. Upon recross-examination by Serrano's counsel, Wooten again testified that, "I can't say I actually remember observing [Serrano] specifically, but I had to in order to administer the test."

4

Camille Stafford, a technical supervisor with the Texas Department of Public Safety Breath Alcohol Laboratory, also testified. During her testimony, the State offered the breath test results into evidence. Serrano's counsel objected "on the basis of the test not being conducted properly," and the trial court nevertheless admitted the test results, which reflect that "Wooten, B, D" was the operator and include the operator's certificate number. Stafford then testified that the results indicated that Serrano's blood alcohol concentration was .11, and that she found the tests to be "reliable."

Although the trial court previously stated that it would submit an article 38.23(a) instruction, the charge did not include the instruction. When Serrano objected to its omission at the charge conference, the trial court overruled his objection without explanation. The jury found Serrano guilty, and the trial court sentenced him to 180 days' confinement, probated for one year.

## Motion to Suppress

In his first issue, Serrano argues that the trial court erred in denying his motion to suppress the breath test results because "there is no affirmative evidence that the 15 minute rule was followed while there is affirmative evidence that it was not followed."

5

## A.    Standard of Review

In reviewing a trial court's ruling on a motion to suppress evidence, we apply a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Wiley v. State*, 388 S.W.3d 807, 815 (Tex. App.— Houston [1st Dist.] 2012, pet. ref'd). We give almost total deference to the trial court's determination of historical facts that depend on credibility, and we conduct a de novo review of the trial court's application of the law to those facts. *Carmouche*, 10 S.W.3d at 327.

When a trial court does not make explicit findings of historical fact, we review the evidence in the light most favorable to the trial court's ruling. *Id.* at 328. That is, "we will assume that the trial court made implicit findings of fact supported in the record that buttress its conclusion." *Id.*

## B.    Applicable Law

"A breath specimen taken at the request or order of a peace officer must be taken and analyzed under the rules of the department [of public safety] . . . ." TEX. TRANSP. CODE ANN. § 724.016 (West 2011). The rules for breath-alcohol-testing procedures are set forth in the Texas Administrative Code. *See* 37 TEX. ADMIN. CODE § 19.4(c) (2014). A presumption of admissibility applies when the procedures prescribed by the Department of Public Safety are followed. *See*

6

*Reynolds v. State*, 204 S.W.3d 386, 309 (Tex. Crim. App. 2006); *Stevenson v. State*, 895 S.W.2d 694, 696 (Tex. Crim. App. 1995).

Here, Serrano contends that the State did not comply with one such rule. It states:

> [a]n operator shall remain in the presence of the subject at least 15 minutes before the test and should exercise reasonable care to ensure that the subject does not place any substances in the mouth. Direct observation is not necessary to ensure the validity or accuracy of the test result . . . .

37 TEX. ADMIN. CODE § 19.4(c)(1). The term "presence" is not defined, but the San Antonio Court of Appeals has considered the term's meaning in a case involving this same provision. It wrote:

> "Presence" has been defined as an [a]ct, fact, or state of being in a certain place and not elsewhere, or within sight or call, at hand, or in some place that is being thought of. The existence of a person in a particular place at a given time particularly with reference to some act done there and then. Besides actual presence, the law recognizes *constructive* presence, which [the] latter may be predicated of a person who, though not on the very spot, was near enough to be accounted present by the law, or who was actively cooperating with another who was actually present.

*State v. Reed*, 888 S.W.2d 117, 122 (Tex. App.— San Antonio 1994, no pet.) (emphasis in original) (citations omitted).

7

## C.    Preservation of Error

The State contends that Serrano failed to preserve his complaint that the operator violated the Texas Administrative Code because he failed to object each time Stafford testified about the breath test results and because Serrano cross-examined Stafford about the results. We disagree.

Here, Serrano moved to suppress the breath test results because, according to him, nobody was able to confirm that Serrano was observed for the required 15 minutes. The trial court heard argument on the motion outside the presence of the jury and implicitly denied the motion, but stated that it would submit an article 38.23 instruction regarding whether the 15-minute waiting period was observed. Thus, his motion to suppress preserved this issue for appeal. *See Black v. State*, 358 S.W.3d 823, 829 (Tex. App.—Fort Worth 2012, pet. ref'd) (When "an objection is presented as a motion to suppress heard outside the presence of the jury, that single objection preserves the issue for appellate review.").

The State also contends that Serrano waived this complaint because his counsel discussed the breath alcohol test results during cross-examination of Stafford. But Serrano's counsel referred to the evidence during Stafford's cross-examination to rebut, explain, or undermine her previous testimony about the test results. We conclude that he did not waive any complaint by doing so. *See Rogers*

8

*v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993) (defendant does not waive issue for appeal by subsequent cross-examination of witness on allegedly improperly admitted evidence); *Rodriguez v. State*, 274 S.W.3d 760, 764 (Tex. App.—San Antonio 2008, no pet.) ("A defendant does not waive his previous objection to testimony by cross-examining the witness about his direct testimony.").

## D. Analysis

Serrano contends that the trial court erred in denying his motion suppress because there is affirmative evidence demonstrating that the operator did not observe the 15-minute waiting period required by section 19.4(c)(1) of the Texas Administrative Code. In support of this contention, he points out that Deputy Fuselier (1) could not recall the name of the operator who administered the test for Serrano, and (2) testified that Serrano spent less than 15 minutes in the intox room and did not "make contact" with a breath test operator before entering the intox room.

Wooten testified that a breath test operator observes a suspect for 15 minutes while the suspect is in the holding cell, and before the suspect enters the intox room. She explained that multiple breath test operators may be present at one time, that the suspect in the holding cell is visible to the operators even when the

9

operators are in the area outside the holding cell, and that the operators use a timer for each suspect to ensure that each spends at least 15 minutes in the holding cell before taking a breath test. Wooten also testified that she knows that she administered Serrano's test both because her name and identification information are on his results and because she appears on the video taken of Serrano in the intox room. Finally, although Wooten did not specifically recall observing Serrano in the holding cell, she testified that she performed his test in accordance with proper procedures, which includes observing the 15-minute waiting period required by Texas Administrative Code section 19.4(c)(1). Giving the required deference to the trial court's credibility determination, we conclude that the trial court could have credited Wooten's testimony and reasonably concluded that Wooten complied with section 19.4(c)(1). Thus, it did not err in denying Serrano's motion to suppress. *See Stalknecht v. State*, No. 09-06-463-CR, 2007 WL 4991416, at *2 (Tex. App.—Beaumont Mar. 12, 2008, no pet.) (mem. op., not designated for publication) (evidence was sufficient to sustain DWI conviction where officer who administered breath test testified he "had no independent recollection" of appellant but "was sure he observed [appellant] for fifteen minutes prior to asking him to blow into the intoxilyzer because that was standard procedure"); *Currey v. State*, No. 01-01-00091-CR, 2002 WL 123355, at *3 (Tex.

10

App.—Houston [1st Dist.] Jan. 31, 2002, no pet.) (not designated for publication) (trial court did not abuse discretion in denying motion to suppress and admitting breath test results where appellant testified that he did not see sergeant who administered test until entering intox room and sergeant testified that he could not recall administering the test, but "explained that observation begins in the booking area").

We overrule Serrano's first issue.

### Section 38.23 Instruction

In his second issue, Serrano contends that the trial court erred in failing to submit an article 38.23 instruction because the evidence raised a fact issue about whether the State observed the 15-minute waiting period in Texas Administrative Code section 19.4(c)(1).

### A.    Standard of Review

We review a claim of jury charge error using the standard set out in *Alamanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). First, we determine whether error exists in the jury charge. Second, if error exists, we determine whether sufficient harm was caused by that error to require reversal. *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). We review a trial

11

court's decision to not submit an instruction in the jury charge for an abuse of discretion. *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000).

**B. Applicable Law**

A defendant's right to the submission of jury instructions under article 38.23 of the Texas Code of Criminal Procedure is "limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible." *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). Before a defendant is entitled to the submission of a jury instruction under article 38.23, (1) the evidence heard by the jury must raise an issue of fact, (2) the evidence on that fact must be affirmatively contested, and (3) that contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Id*. at 510.

Under the first requirement, there must be a genuine dispute about a material issue of fact before an article 38.23 instruction is warranted; if there is no disputed fact issue, the legality of the conduct is determined by the court alone, as a matter of law. *Id*. at 510. In order for there to be a conflict in the evidence that raises a disputed fact issue, there must be some affirmative evidence in the record that puts the existence of that fact in question. *Id*. at 513. Furthermore, if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the

12

disputed fact issue is not material to the ultimate admissibility of the evidence and is not to be submitted to the jury. *Id*. The disputed fact issue must be essential to deciding the lawfulness of the challenged conduct. *Id*. at 511.

## C. Analysis

Serrano argues that article 38.23's first requirement is met because the evidence raised a fact issue about whether Wooten observed the 15-minute waiting period required by Texas Administrative Code section 19.4(c)(1). In support, Serrano argues that Wooten testified that she did not remember observing Serrano for 15 minutes, Deputy Fuselier testified that Serrano did not "make contact with" Wooten before entering the Intox room, and 15 minutes did not lapse between the beginning of the video recording in the intox room and the breath test.

Serrano points to no evidence that contradicts Wooten's testimony that she must have observed Serrano for 15 minutes while he was in the holding cell because she followed standard procedures. Further, the Administrative Code does not require direct observation, much less "contact." *See* 37 TEX. ADMIN. CODE § 19.4(c)(1) ("Direct observation is not necessary to ensure the validity or accuracy of the test result . . . ."). Thus, Fuselier's testimony that Serrano did not make contact with Wooten until entering the Intox room is not affirmative evidence that Wooten did not comply with Texas Administrative Code section 19.4(c)(1).

13

We conclude that Serrano failed to raise a fact issue about whether Wooten complied with Texas Administrative Code section 19.4(c)(1) and that Serrano therefore was not entitled to the submission of an article 38.23 instruction. Accordingly, we hold that the trial court did not abuse its discretion in refusing to submit an article 38.23 jury instruction. *See Correa v. State*, No. 05-12-01197-CR, 2014 WL 1797690, at *2 (Tex. App.—Dallas May 2, 2014, no pet.) (mem. op., not designated for publication) (overruling appellant's point of error because he proffered no evidence that operator did not remain in appellant's presence for 15 minutes); *Mbugua v. State*, 312 S.W.3d 657, 669 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (no error in jury charge because there was no conflict in evidence raising a disputed fact that would have mandated a 38.23 jury instruction); *Shpikula v. State*, 68 S.W.3d 212, 217 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (jury's right to disbelieve officers' testimony did not create a factual dispute requiring a jury instruction under article 38.23).

We overrule Serrano's second issue.[1]

---

[1] In light of our holdings regarding Serrano's first and second issues, we need not reach his third issue, in which he argued that he was harmed by the trial court's alleged errors discussed in his first and second issues.

14

31

**Conclusion**

We affirm the trial court's judgment.

Rebeca Huddle Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle. Publish. TEX. R. APP. P. 47.2(b).

1. State of Texas, APPELLEE

2. ANDREW JAVIER SERRANO, APPELLANT, 6430 Tea Tree Dr., Katy, Texas 77494. TEL. 713-894-1721

3. ALAN CURRY, Harris County ADA Appellate Division, 1201 Franklin, Suite 600, Houston, Texas 77002,  TEL. 713-755-5800, curry_alan@dao.hctx.net

4. RYAN McLEAREN, Harris County ADA Trial Counsel 1201 Franklin, Suite 600, Houston, Texas 77002,  TEL. 713-755-5800, mclearen_ryan@dao.hctx.net

5. WILL MEJIA, Harris County ADA Trial Counsel 1201 Franklin, Suite 600, Houston, Texas 77002,  TEL. 713-755-5800, mejia_will@dao.hctx.net

6. BRADLEY WALTERS, ATTORNEY FOR APPELLANT, 500 E Harris Pasadena, Texas 77506. TEL. 713-705-9692,  bwalters56@yahoo.com

7. Trial Court=Hariis County Criminal Court at Law #10, Judge Clinton